UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. AVILA, et al.,<br><br>　　　　　Defendants. | **CASE No. 1:17-cv-00071-MJS (PC)**<br><br>**ORDER (1) SEVERING CLAIMS AND (2) TRANSFERRING SEVERED PORTION TO THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION** |

**I.　Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On January 17, 2017, Plaintiff filed his complaint in this action. The majority of the complaint concerns acts that occurred at High Desert State Prison ("HDSP"), where Plaintiff presently is housed. He names the following defendants: D. Avila, Laura Christensen, A. Manasrah, and J. Lewis.

Plaintiff's claims against D. Avila and Laura Christensen arose at High Desert State Prison. Briefly stated, Plaintiff alleges that he fell multiple times while at HDSP due to non-ADA compliant facilities, and that Defendants Avila and Christensen did not properly respond to his complaints. Plaintiff's allegations against J. Lewis relate to appeals of the conditions at HDSP.

Plaintiff's only allegation against Defendant Manasrah is as follows: While at Corcoran State Prison, Plaintiff fell down bus steps several times. Defendant Manasrah intentionally refused to "address" these falls. As a result, Plaintiff's back condition worsened and Plaintiff experienced unnecessary pain.

Plaintiff seeks monetary relief, transfer out of HDSP, and a declaration that his rights were violated at HDSP.

**II.   Severance**

Federal Rule of Civil Procedure 21 ("Rule 21") provides that, in cases of "misjoinder," the Court may sua sponte "sever any claim against a party." Rule 21, however, does not provide a standard to determine if a party is misjoined, so the Court looks to Rule 20 for guidance. Rule 20 provides for the appropriate joinder of parties "if a plaintiff's 'right to relief is asserted against [the defendants] . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and also if there is a 'question of law or fact common to' the defendants." Rush v. Sport Chalet, Inc., 779 F.3d 973, 974 (9th Cir. 2015) (citing Fed. R. Civ. P. 20(a)(2)) (alteration and omission in original). The mere fact that multiple claims against different defendants "arise under the same general law does not necessarily establish a common question of law or fact." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

Here, Plaintiff's claims against Defendants Avila, Christensen, and Lewis arose out of the conditions at HDSP and the defendants' response thereto. His claims against Manasrah arose at Corcoran State Prison, involve different factual questions, and potentially involve different legal questions.[1] Severance clearly is appropriate to separate these two sets of claims. See, e.g., Sheffield v. Rios, 2012 WL 928717, at *5 (E.D. Cal. Mar. 19, 2012) (finding claims of failure to provide adequate medical care at different federal prisons at the hands of different defendants were improperly joined); see also

---

[1] Because of the conclusory nature of Plaintiff's allegations against Manasrah, the Court is unable to discern whether Plaintiff expected Manasrah to provide medical care, to remedy the conditions that caused Plaintiff to fall, to otherwise protect Plaintiff from injury, or something else altogether. Thus, the Court is unable to identify with clarity the legal issues involved in Plaintiff's claim.

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits").

Pursuant to Rule 21, the severed claims become a new and separate action. See, e.g., Lee v. Cook County, 635 F.3d 969, 971 (7th Cir. 2011) ("When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately."); Gaffney v. Riverboat, 451 F.3d 424, 442 (7th Cir. 2006) ("[s]everance under Rule 21 creates two separate actions or suits where previously there was but one") (alteration in original, internal quotation marks omitted); United States v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983) ("[w]here a single claim is severed out of a suit, it proceeds as a discrete, independent action").

### III. Transfer of Severed Portion to Sacramento Division

"A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, the severed portion of this case arose at HDSP, in Lassen County, which is in the Sacramento Division of the United States District Court for the Eastern District of California. 28 U.S.C. § 84(b). It is in that division where the corresponding defendants are likely to be found, along with relevant documents, witnesses and other evidence bearing on the claims against them. Accordingly, the Court will order the severed portion of this action transferred to the Sacramento Division of the Eastern District.

The Court will retain those claims relating to Defendant Manasrah, and will screen Plaintiff's complaint as it pertains to those claims in a separate order.

### IV. Conclusion and Order

For the foregoing reasons, the Court HEREBY ORDERS that (1) Claims against Defendants Avila, Christensen, and Lewis are SEVERED from this action; and (2) the Clerk shall transfer that portion of the case to the Sacramento Division of the District Court for the Eastern District of California. The Court retains the claims against Defendant Manasrah and will issue a separate screening order in due course.

IT IS SO ORDERED.

Dated:   February 15, 2017           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE