1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                        EASTERN DISTRICT OF CALIFORNIA

9

10    RODERICK WILLIAM LEAR,                    **CASE No. 1:17-cv-00071-MJS (PC)**

11                      Plaintiff,              **ORDER DISMISSING COMPLAINT WITH**
                                                **LEAVE TO AMEND**
12         v.
                                                **(ECF No. 1)**
13    D. AVILA, et al.,
                                                **THIRTY (30) DAY DEADLINE**
14                      Defendants.

15

16

17
           Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil
18
     rights action brought pursuant to 42 U.S.C. § 1983.
19
           On February 15, 2017, the Court severed Plaintiff's claims against Defendants
20
     Avila, Christensen, and Lewis, and transferred them to the Sacramento Division of the
21
     Eastern District of California. (ECF No. 9.) His claims against Defendant Manasrah are
22
     before the Court for screening.
23
     **I.      Screening Requirement**
24
           The Court is required to screen complaints brought by prisoners seeking relief
25
     against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
26
     § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has
27
     raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which
28

1    relief may be granted, or that seek monetary relief from a defendant who is immune from

2    such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

3    thereof, that may have been paid, the court shall dismiss the case at any time if the court

4    determines that . . . the action or appeal . . . fails to state a claim upon which relief may

5    be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6    **II.    Pleading Standard**

7    Section 1983 "provides a cause of action for the deprivation of any rights,

8    privileges, or immunities secured by the Constitution and laws of the United States."

9    Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

10   Section 1983 is not itself a source of substantive rights, but merely provides a method for

11   vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

12   (1989).

13   To state a claim under § 1983, a plaintiff must allege two essential elements:

14   (1) that a right secured by the Constitution or laws of the United States was violated and

15   (2) that the alleged violation was committed by a person acting under the color of state

16   law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

17   1243, 1245 (9th Cir. 1987).

18   A complaint must contain "a short and plain statement of the claim showing that

19   the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

20   are not required, but "[t]hreadbare recitals of the elements of a cause of action,

21   supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

22   662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

23   Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

24   that is plausible on its face." Id. Facial plausibility demands more than the mere

25   possibility that a defendant committed misconduct and, while factual allegations are

26   accepted as true, legal conclusions are not. Id. at 677-78.

27

28

2

**III.     Plaintiff's Allegations**

Plaintiff is incarcerated at High Desert State Prison ("HDSP"), where the majority of the acts giving rise to his complaint occurred. However, his claims against Defendant Manasrah arose at Corcoran State Prison.

Plaintiff's only allegation against Defendant Manasrah is as follows: Plaintiff is mobility impaired. While at Corcoran State Prison, Plaintiff fell down bus steps several times. Defendant Manasrah intentionally refused to "address" these falls. As a result, Plaintiff's back condition worsened and Plaintiff experienced unnecessary pain.

Plaintiff seeks monetary relief, transfer out of HDSP, and a declaration that his rights were violated at HDSP.

**IV.     Analysis**

**A.     Severance**

As stated, Plaintiff's claims against Defendants Avila, Christensen and Lewis that arose at HDSP were severed. Accordingly, Plaintiff's requests for transfer out of HDSP and a declaration that his rights were violated at that facility will be dismissed from this action.

**B.     Eighth Amendment**

Plaintiff alleges that Defendant Manasrah failed to "address" Plaintiff's falls. The nature of this claim is unclear. That is, the Court cannot discern whether Plaintiff expected Manasrah to provide medical care, to remedy some aspect of the bus steps that caused Plaintiff to fall, to otherwise protect Plaintiff from injury, or something else altogether. Plaintiff does not explain how he came into contact with Manasrah, what was communicated to him or her regarding the falls, how Manasrah responded, or why the response was deficient. He therefore fails to state a claim. The Court will provide below the legal standards applicable to various Eighth Amendment claims. Plaintiff will be given leave to amend.

1

### 1. Inadequate Medical Care

2     The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits

3  deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith,

4  974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a

5  serious medical need, and (2) a deliberately indifferent response by defendant. Jett v.

6  Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met

7  by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible

8  medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges

9  deliberate indifference based on a delay in medical treatment, the prisoner must show

10  that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir.

11  2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs,

12  766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is

13  insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407

14  (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

15     "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d

16  1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be

17  aware of the facts from which the inference could be drawn that a substantial risk of

18  serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting

19  Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been

20  aware of the risk, but was not, then the official has not violated the Eighth Amendment,

21  no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at

22  1188). Mere indifference, negligence, or medical malpractice is not sufficient to support

23  the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v.

24  Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by

25  showing that officials intentionally interfered with his medical treatment for reasons

26  unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066

27  (9th Cir. 1992); Estelle, 429 U.S. at 105.

28

4

1

### 2.    Conditions of Confinement

2      The Eighth Amendment requires prison officials to provide all prisoners with the

3  basic necessities of life, which include food, clothing, shelter, sanitation, medical care,

4  and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[A] prison

5  official may be held liable under the Eighth Amendment for denying humane conditions

6  of confinement only if he knows that inmates face a substantial risk of serious harm and

7  disregards that risk by failing to take reasonable measures to abate it." Farmer v.

8  Brennan, 511 U.S. 825, 847 (1994).

9      A conditions of confinement claim has both an objective and a subjective

10  component. See Farmer, 511 U.S. at 834. "First, the deprivation alleged must be . . .

11  sufficiently serious," and must "result in the denial of the minimal civilized measure of

12  life's necessities." Id. (internal quotation marks and citations omitted) "[E]xtreme

13  deprivations are required to make out a conditions-of-confinement claim." Hudson v.

14  McMillian, 503 U.S. 1, 9 (1992).

15      Second, the prison official must have acted with "deliberate indifference" to inmate

16  health or safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish

17  liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must

18  show that a defendant knew of, but disregarded, an excessive risk to inmate health or

19  safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from

20  which the inference could be drawn that a substantial risk of serious harm exists, and he

21  must also draw the inference." Id.

22  **V.    Conclusion and Order**

23      Plaintiff's complaint does not state a cognizable claim against Defendant

24  Manasrah. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll

25  v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he

26  must demonstrate that the alleged acts resulted in a deprivation of his constitutional

27  rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to

28  'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555

1    (2007)). Plaintiff must also demonstrate that each named Defendant personally

2    participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

3    2002). **Plaintiff is reminded that his claims arising at HDSP have been severed. To**

4    **the extent Plaintiff wishes to pursue such allegations, he must do so in Case No.**

5    **No. 2:17-cv-00326 EFB, filed in the Sacramento Division of the Eastern District of**

6    **California.**

7          Plaintiff should note that although he has been given the opportunity to amend, it

8    is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

9    Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

10   curing the deficiencies set forth above.

11         Finally, Plaintiff is advised that Local Rule 220 requires that an amended

12   complaint be complete in itself without reference to any prior pleading. As a general rule,

13   an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

14   55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

15   longer serves any function in the case. Therefore, in an amended complaint, as in an

16   original complaint, each claim and the involvement of each defendant must be

17   sufficiently alleged. The amended complaint should be clearly and boldly titled "First

18   Amended Complaint," refer to the appropriate case number, and be an original signed

19   under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

20   8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

21   right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations

22   omitted).

23         Accordingly, it is HEREBY ORDERED that:

24         1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief

25            may be granted;

26         2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a

27            copy of his complaint, filed January 17, 2017;

28

1      3.  Within thirty (30) days from the date of service of this order, Plaintiff must file a

2          first amended complaint curing the deficiencies identified by the Court in this

3          order or a notice of voluntary dismissal;

4      4.  If Plaintiff fails to file an amended complaint or notice of voluntary dismissal,

5          the Court will recommend the action be dismissed, with prejudice, for failure to

6          state a claim, subject to the "three strikes" provision set forth in 28 U.S.C.

7          § 1915(g).

8
   IT IS SO ORDERED.
9

10     Dated:   February 15, 2017           /s/ *Michael J. Seng*

11                                          UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28