1
2
3
4
5
6
7                       UNITED STATES DISTRICT COURT
8                       EASTERN DISTRICT OF CALIFORNIA
9

10   RODERICK WILLIAM LEAR,                CASE NO. 1:17-cv-00071-MJS (PC)

11                  Plaintiff,             **ORDER DIRECTING CLERK TO ASSIGN
                                           DISTRICT JUDGE**
12        v.
                                           **FINDINGS AND RECOMMENDATION TO
13   A. MANASRAH,                          DENY REQUEST FOR TEMPORARY
                                           RESTRAINING ORDER AND
14                  Defendant.             PRELIMINARY INJUNCTION**
15
                                           **(ECF Nos. 7, 8)**
16
                                           **FOURTEEN (14) DAY OBJECTION
17                                         DEADLINE**
18
19

20

21        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

22   rights action brought pursuant to 42 U.S.C. § 1983. He has not responded to the Court's

23   order requiring him to consent to or decline Magistrate Judge jurisdiction. (ECF No. 4).

24   Accordingly, the Clerk's Office is HEREBY DIRECTED to randomly assign this matter to

25   a district judge pursuant to Local Rule 120(e).

26        Before the Court is Plaintiff's January 30, 2017 motion for a temporary restraining

27   order and a preliminary injunction. (ECF No. 7.) Also before the Court is Plaintiff's

28   February 13, 2017 motion seeking to inform the Court of additional information in support

of his request. (ECF No. 8.) Plaintiff's requested relief is unclear, but he appears to seek transfer to another prison.

## I.      Legal Standard

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). A preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips

2

1   decidedly in favor of the moving party, it must be shown as an irreducible minimum that

2   there is a fair chance of success on the merits).

3       In cases brought by prisoners involving conditions of confinement, any preliminary

4   injunction must be narrowly drawn, extend no further than necessary to correct the harm

5   the court finds requires preliminary relief, and be the least intrusive means necessary to

6   correct the harm. 18 U.S.C. § 3626(a)(2).

7   **II.   Discussion**

8       On February 15, 2017, the Court severed Plaintiff's claims against Defendants

9   Avila, Christensen, and Lewis that arose at High Desert State Prison (where Plaintiff also

10  is presently housed), and transferred those claims to the Sacramento Division of the

11  Eastern District of California. (ECF No. 9.) Plaintiff's motions for a temporary restraining

12  order and preliminary injunction also were filed in the severed action. See Lear v. Avila,

13  No. 2:17-cv-326-EFB. Plaintiff's claim against Defendant Manasrah was retained in this

14  Court.

15      Also on February 15, 2017, the Court screened Plaintiff's complaint, concluded

16  that the claim against Defendant Manasrah was not cognizable, and dismissed it with

17  leave to amend. (ECF No. 10.)

18      At this stage of the proceedings, Plaintiff's request for injunctive relief, to the

19  extent it pertains to Defendant Manasrah, appears to be moot. Plaintiff is no longer in

20  Defendant's custody or housed at Defendant's institution. Absent facts to suggest that

21  Plaintiff will be transferred back to Defendant's custody, any requests for injunctive relief

22  as to Manasrah appear to be moot. See Preiser v. Newkirk, 422 U.S. 395, 402-03

23  (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v.

24  Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Furthermore, the Court does not

25  have jurisdiction to order injunctive relief which would require directing parties not before

26  the Court, such as Plaintiff's current custodian, to take action. Zepeda v. United States

27  Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court

28

may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

## III.   Conclusion and Order

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's request for a temporary restraining order and preliminary injunction be DENIED without prejudice to consideration of same in Plaintiff's severed action, No. 2:17-cv-00326-EFB.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __February 28, 2017__           /s/ _Michael J. Seng_
                                         UNITED STATES MAGISTRATE JUDGE