UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>Plaintiff,<br><br>v.<br><br>A. MANASRAH, et al.,<br><br>Defendants. | CASE No. 1:17-cv-00071-DAD-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 15)**<br><br>**ORDER DENYING AS MOOT MOTION FOR LEAVE TO AMEND**<br><br>**(ECF No. 20)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff filed his initial complaint on January 17, 2017. (ECF No. 1.) On February 15, 2017, the Court severed Plaintiff's claims against Defendants Avila, Christensen, and Lewis, and transferred them to the Sacramento Division of the Eastern District of California. (ECF No. 9.) The Court subsequently screened and dismissed with leave to amend the balance of Plaintiff's original complaint. (ECF No. 10.)

Plaintiff's amended complaint ("FAC") is now before the Court for screening. (ECF No. 15.) Also before the Court is Plaintiff's May 8, 2017 motion for leave to amend, in which he seeks to add an additional defendant and additional factual allegations. (ECF No. 20.)

**I.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) That a right secured by the Constitution or laws of the United States was violated; and (2) That the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

Plaintiff brings claims for violations of the Eighth Amendment and the Americans with Disabilities Act ("ADA"). He is incarcerated at High Desert State Prison ("HDSP"). However, he complains of acts that occurred at California State Prison, Corcoran ("CSP-COR").

With the exception of the severed claims, Plaintiff's original complaint named only A. Manasrah as defendant. (ECF No. 1.) Here, Plaintiff again names only Defendant A. Manasrah in the caption of his complaint. However, the complaint contains allegations against a number of other individuals and fails to make clear whether Plaintiff intends to proceed against these individuals as Defendants. They include an unnamed surgeon, unnamed medical staff providing post-surgical care, unnamed correctional officers, Dr. Beregoskokovya, Y. Mansour, "Chief Physician Surgeon" C. McCabe, Charles E. Young, "Custody Appeals Coordinator" D. Goree, "Health Care Appeals Coordinator" U. Williams, "Education Staff" G. Doan, "ADA LVN" S. Hernandez, and "Deputy Director Policy and Risk Management Services" J. Lewis.

Plaintiff's only allegation against named Defendant Manasrah is as follows: Plaintiff is mobility impaired and uses, varyingly, a cane, walker, or wheelchair to get around. On June 1, 2016, Plaintiff saw Manasrah in relation to several incidents where Plaintiff fell down steps, including on and off buses. Plaintiff alleges Defendant Manasrah intentionally refused to "address" these falls "or any other issue concerning his back." As a result, Plaintiff's back condition worsened and Plaintiff experienced unnecessary pain.

Plaintiff's allegations against other individuals are as follows:

Plaintiff alleges an unnamed surgeon performed a laminotomy operation with "bad surgical results." He also alleges that unnamed medical staff provided him "ineffective" post-surgical care.

Plaintiff alleges that Dr. Beregoskokovya "refused to examine or evaluate" Plaintiff or to "address his difficulty climbing steps." He also notes that Dr. Beregoskokovya was unaware of the fall Plaintiff suffered while on his way to see her.

Plaintiff wished to have medical personnel address his difficulty climbing bus steps. He filed an administrative appeal with respect to the fall he suffered on his way to see Dr. Beregoskokovya. On November 20, 2015, Y. Mansour saw Plaintiff with respect to this appeal. Mansour noted that there should be "alternative" transportation methods of getting Plaintiff to his medical appointment. Mansour also informed Plaintiff he "could ask custody (correctional officers)" to help him, but failed to instruct officers to help Plaintiff. Unnamed correctional officers would help Plaintiff go up and down steps on certain occasions. At other times, however, officers would not help. As a result, Plaintiff would stumble or fall, causing injury to his back, leg, and shoulder.

C. McCabe and Charles E. Young also refused to address Plaintiff's falls or his difficulty climbing steps.

On February 1, 2016, Plaintiff fell down steps again, injuring his back and causing "excruciating pain." Plaintiff saw Mansour after this fall to again address his difficulty climbing steps. Mansour "dismissed" the fall, informing Plaintiff that his issue was a "custody" and not a medical issue. Later, on May 11, 2016, Mansour falsely claimed Plaintiff refused to attend a medical appointment.

On February 25, 2016, D. Goree, U. Williams, C. McCabe, G. Doan, and S. Hernandez convened a "Reasonable Accommodation Panel" in which it was determined that staff "can assist" Plaintiff while getting on and off a bus "when assistance is needed." However, this panel did not issue any instructions requiring officers to assist Plaintiff.

1          Plaintiff seeks monetary relief and a declaration that his rights were violated.

## IV.    Analysis

### A.    High Desert State Prison

To the extent Plaintiff sets forth any allegations arising from his confinement in HDSP, that all such claims have been severed and transferred to the Sacramento Division of the Eastern District. (ECF No. 9.) Accordingly, the Court will not address those claims here. If Plaintiff wishes to bring forth further claims in relation to his time at HDSP, he must do so as part of the transferred action, Case No. 2:17-cv-00326 EFB (PC).

### B.    Eighth Amendment

Plaintiff alleges that "the denial of medical care by all Defendants" violated his rights under the Eighth Amendment. Specifically, Defendants failed to take action to prevent Plaintiff from falling down steps.

#### 1.    Inadequate Medical Care

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires: (1) A serious medical need; and (2) A deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

### 2. Conditions-of-Confinement

The Eighth Amendment requires prison officials to provide all prisoners with the basic necessities of life, which include food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions-of-confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

A conditions-of-confinement claim has both an objective and a subjective component. See Farmer, 511 U.S. at 834. "First, the deprivation alleged must be . . . sufficiently serious" and must "result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotation marks and citations omitted) "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Second, the prison official must have acted with "deliberate indifference" to inmate health or safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must show that a defendant knew of, but disregarded, an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### a. Defendant Manasrah

As in his original complaint, Plaintiff alleges that Defendant Manasrah failed to "address" Plaintiff's falls. In its first screening order, the Court provided Plaintiff the legal standards applicable to various Eighth Amendment claims, including inadequate medical care and conditions-of-confinement claims. (ECF No. 10.) However, Plaintiff has failed to cure the deficiencies raised by the Court in his FAC. The nature of his claims remains unclear. The Court is still unable to discern whether Plaintiff expected Manasrah to provide medical care, to remedy some aspect of the bus steps that caused Plaintiff to fall, to otherwise protect Plaintiff from injury, or something else altogether. Plaintiff does not explain how he came into contact with Manasrah, what was communicated to him or her regarding the falls, how Manasrah responded, or why the response was deficient. Plaintiff therefore fails to state a claim on which relief may be granted. Accordingly, Plaintiff's Eighth Amendment claims against Manasrah will be dismissed.

### b. Other Individuals

The Federal Rules of Civil Procedure require that each defendant be named in the title of the complaint. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Plaintiff names a number of individuals throughout his FAC, but fails to name them in the title of the complaint. As these individuals are not properly

named as required by Rule 10(a), the Court is unable to determine whether Plaintiff intends to proceed against them.

However, assuming Plaintiff does intend to name such individuals as Defendants, he fails to state cognizable claims against each of them for the reasons that follow:

### *Dr. Beregoskokovya*

Plaintiff alleges that Dr. Beregoskokovya refused to examine Plaintiff or address his problems climbing steps. Assuming Plaintiff intends to bring a claim for inadequate medical care against Dr. Beregoskokovya, Plaintiff fails to state a claim. He provides no facts to show that Dr. Beregoskokovya knew of and was deliberately indifferent to Plaintiff's serious medical need. Plaintiff also fails to show that Dr. Beregoskokovya was aware that a substantial risk of serious harm exists, as he concedes that she was not "aware of his fall." Accordingly, Plaintiff fails to state a claim against Dr. Beregoskokovya to the extent he intends to bring one.

### *Y. Mansour*

Plaintiff alleges Mansour failed to address his difficulty climbing steps, dismissing his falls as "custody" and not "medical" issues. Again, assuming Plaintiff intends to bring a claim for inadequate medical care against Mansour, he fails to state a claim. Plaintiff provides no facts to show that Mansour knew of and was deliberately indifferent to Plaintiff's serious medical need. Rather, it appears from Plaintiff's allegations that Mansour addressed Plaintiff's concerns, suggesting to him that he could ask correctional officers for help. Plaintiff notes in his FAC that correctional officers would, at times, provide him assistance when walking or climbing stairs. Plaintiff has therefore failed to show that Mansour was deliberately indifferent to his medical needs. Accordingly, to the extent Plaintiff intends to bring a claim against Mansour, he fails to state a claim on which relief may be granted.

### *C. McCabe and Charles E. Young*

Plaintiff alleges both C. McCabe and Charles E. Young refused to address his falls or difficulty climbing steps, without more. As discussed above with respect to

8

Defendant Manasrah, these facts are insufficient to state a claim. The Court previously granted Plaintiff leave to amend his Eighth Amendment claims and also provided him the applicable legal standards. Plaintiff fails to state a claim against McCabe and Young to the extent he intends to bring one.

### *D. Goree, U. Williams, G. Doan, S. Hernandez*

Plaintiff's allegations against Goree, Williams, Doan, and Hernandez are generally similar in nature and all relate to his falls. Plaintiff alleges these individuals failed to ensure his safety and prevent Plaintiff from being injured from the falls he suffered. Such facts are insufficient to state a claim for inadequate medical care. Plaintiff has failed to show these individuals were deliberately indifferent to his serious medical needs. Rather, Plaintiff states that all of these individuals, along with McCabe, determined that prison staff can assist Plaintiff when he gets on and off a bus and when he needs assistance. Plaintiff fails to state a claim against these individuals to the extent he intends to bring one.

### *J. Lewis*

Plaintiff alleges Mr. Lewis, in his role as Deputy Director of Policy and Risk Management Services, "refused" to protect Plaintiff from falling and injuring himself when stepping up and down bus steps.

Here, Plaintiff does not show that Lewis personally participated in any alleged deprivation. Rather, Plaintiff appears to allege Lewis is responsible for Plaintiff's injuries given his executive role and his alleged refusal to protect Plaintiff from injuring himself. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d

1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). The allegations here are insufficient to state a claim on which relief may be granted. Plaintiff alleges no facts showing Lewis personally participated in, directed, or knew of the alleged violations and failed to prevent them. Accordingly, Plaintiff's allegations fail to state a claim against Mr. Lewis to the extent he intends to bring one.

        **c.    Unnamed Defendants**

The use of Doe defendants is generally disfavored. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Nevertheless, under certain circumstances, plaintiffs may be given the opportunity to identify unknown defendants through discovery. Gillespie, 629 E.2d at 642. Before a plaintiff may engage in discovery as to unknown defendants, he first must link each of them to a constitutional violation.

Plaintiffs may not simply allege liability on the part of a group of defendants, as Plaintiff has done here in the case of unnamed medical personnel providing post-surgical care or unnamed correctional officers. Plaintiffs must also address each defendant separately, i.e., Doe 1, Doe 2, Doe 3, etc., and must set forth facts describing how each Doe defendant personally participated in the violation of his constitutional rights.

Here, with respect to post-surgical care medical staff and unnamed correctional officers, Plaintiff fails to identify and address each Doe defendant separately, and also fails to identify or properly plead the unnamed Defendants. See Fed. R. Civ. P. 10(a).

With respect to the unnamed surgeon Plaintiff alleges performed surgery with "bad surgical results," Plaintiff's conclusory allegations are insufficient to state a claim. Plaintiff may be able to proceed against this surgeon as a Doe defendant, but as the Court notes above, he must set forth facts describing how the surgeon personally

participated in violating Plaintiff's constitutional rights.[1] Furthermore, the Court notes that Plaintiff's motion to amend states that the surgeon was "outside the prison." (ECF No. 20.) Plaintiff is advised that, to bring a claim under § 1983, a plaintiff must allege that any violation of a right was committed by a person "acting under color of state law." See Ketchum, 811 F.2d at 1245 (citations omitted); see also Atkins, 487 U.S. at 54-55 (holding that private physician acted under color of state law when he provided medical services to state prisoner pursuant to a contract with the state). It is unclear from Plaintiff's FAC or his motion to amend whether this is the case.

The Court will give Plaintiff leave to amend.

### C. Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

In order to state a claim that a public program or service violated Title II of the ADA, plaintiffs must show that: (1) They are a "qualified individual with a disability"; (2) They were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or were otherwise discriminated against by the public entity; and (3) Such exclusion, denial of benefits, or discrimination was by reason of their disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

---

[1] Plaintiff's May 8, 2017 Request to File Second Amended Complaint (ECF No. 20) including allegations against the surgeon is rendered moot by the Court's Order granting leave to amend here. The motion will be denied on that basis.

Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. An ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

### 1. Appropriate Defendants

Plaintiff brings his ADA claims against "all Defendants." It is unclear what relief he requests against these Defendants.

Title II authorizes suits by private citizens for money damages against public entities. United States v. Georgia, 546 U.S. 151, 153 (2006). Here, however, Plaintiff names no entities as Defendants.

To the extent Plaintiff is attempting to bring ADA claims against any individuals in their individual capacities, these claims must be dismissed. Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir. 2002)); Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials."). This defect is not capable of being cured through amendment.

To the extent Plaintiff is attempting to bring these claims against Defendants in their official capacities, the Court notes that a plaintiff may bring suit for prospective injunctive relief under the ADA against individuals sued in their official capacities. Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000). An ADA plaintiff may seek injunctive relief against an individual defendant if the defendant is sued in his or her official capacity and the suit is therefore, in effect, against the

government entity that the defendant represents. <u>Miranda B. v. Kitzhaber</u>, 328 F.3d 1181, 1187-88 (9th Cir. 2003); <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985).

Plaintiff will be given leave to amend.

### 2. Sufficiency of Allegations

Even assuming Plaintiff brings forth ADA claims against proper Defendants, the Court determines that Plaintiff fails to state a claim on which relief may be granted.

The nature of Plaintiff's ADA claim is unclear. Plaintiff alleges "all Defendants" violated his rights "under the ADA provision that insures [sic] persons with walking impairments are to be provided alternative means of accessing state owned facilities."

To the extent Plaintiff alleges that he was denied accommodations, he fails to state a claim. Denial of accommodations, in and of itself, does not constitute a violation of the ADA. <u>Simmons v. Navajo County</u>, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.") Plaintiff does not show that he was excluded from participation in or denied the benefits of any services, programs, or activities at CSP-COR on account of his disability. Rather, Plaintiff takes issue with the nature and frequency of the help (or lack thereof) provided by officials. Moreover, Plaintiff notes that a number of individuals, including Mansour and McCabe, agreed that accommodations should be made to "assist [Plaintiff] to get on/off the bus when assistance is needed." Plaintiff concedes that he was given assistance on some occasions. When assistance was not provided, Plaintiff nonetheless was able to access prison services.

Additionally, to recover money damages for a Title II violation, a plaintiff must prove intentional discrimination on the part of the defendants. Here, Plaintiff has made no showing of any such intentional discrimination against Plaintiff on account of his disability.

Plaintiff's ADA claims will be dismissed with leave to amend.

### 3. Punitive Damages

Plaintiff seeks punitive damages "against all defendants." Punitive damages may not be awarded under Title II of the ADA. Barnes v. Gorman, 536 U.S. 181, 189 (2002). Accordingly, Plaintiff's claim for punitive damages under the ADA will be dismissed.

## V. Conclusion and Order

Plaintiff's FAC fails to state a cognizable claim. His FAC also fails to properly plead defendants under Federal Rule of Civil Procedure 10. The Court will grant Plaintiff another opportunity to amend his complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "Second Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. See Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 20) is denied as moot;
2. Plaintiff's complaint is DISMISSED for failure to state a claim on which relief may be granted;

3. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his first amended complaint, filed April 5, 2017;

4. Within thirty (30) days from the date of service of this Order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this Order or a notice of voluntary dismissal; and

5. If Plaintiff fails to file a second amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: May 16, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE