UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RODERICK WILLIAM LEAR, | Case No. 1:17-cv-00071-DAD-MJS (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF** |
| v. | |
| A. MANASRAH, | **(ECF NO. 18.)** |
| Defendant. | **FOURTEEN (14) DAY OBJECTION DEADLINE** |
| | **CLERK TO SEND COPY OF THIS ORDER TO LITIGATION COORDINATOR AT PLAINTIFF'S INSTITUTION** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff brings what the Court construes as a motion for injunctive relief requesting Plaintiff's institution: (1) Timely process his requests for library access; (2) Timely process all court orders; and (3) Cease withholding or delaying mail pertaining to his case. (ECF No. 18.) Plaintiff is currently incarcerated at High Desert State Prison ("HDSP"). He bases this motion on his alleged denial of access to the law library at HDSP and his institution's alleged withholding and/or delay of mail related to this matter.

Plaintiff filed a first amended complaint ("FAC") on April 5, 2017. (ECF No. 15.)

The Court subsequently dismissed Plaintiff's FAC with leave to amend. (ECF No. 21.) In its screening order dismissing Plaintiff's FAC, the Court noted that Plaintiff had not properly identified Defendants under Federal Rule of Civil Procedure 10. Accordingly, the Court regarded Defendant A. Manasrah, the only individual specified as a Defendant and named in the caption of Plaintiff's FAC, as the sole Defendant properly pleaded under Rule 10.

Manasrah is not an official at HDSP, Plaintiff's current institution. Rather, Manasrah is an official at California State Prison, Corcoran. Thus, as Plaintiff already has been advised (ECF No. 11), any requests for injunctive relief against Manasrah would appear to be moot. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

Additionally, the Court previously severed and transferred Plaintiff's claims against officials at HDSP to the Sacramento Division of the Eastern District of California under Federal Rule 21 and 28 U.S.C. § 1391(b). (ECF No. 9.) As the Court stated in its Order for severance and transfer, ECF No. 9, HDSP is in Lassen County, which lies in the Sacramento Division of this Court. As Plaintiff already has been advised, the Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court, such as officials at HDSP, to take action. Zepeda v. United States Immigration and Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). (ECF No. 11.) Accordingly, the Court cannot grant Plaintiff his requested relief at HDSP.

The Court will, however, ask the Clerk's Office to send this Order to the Litigation Coordinator at Plaintiff's institution, and will request the Litigation Coordinator's assistance in providing Plaintiff access to his institution's law library as expeditiously as possible. The Court will also request that the Litigation Coordinator assist Plaintiff in

gaining access to legal materials and facilitate the mailing of materials related to Plaintiff's matter as practicably and expeditiously as possible.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office is directed to send a copy of this Order to the Litigation Coordinator at Plaintiff's institution; and
2. The Court requests the assistance of the Litigation Coordinator at Plaintiff's institution in facilitating Plaintiff's access to the law library, his legal materials, and the mailing of materials pertaining to this matter.

Additionally, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief (ECF No. 18) be DENIED.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 22, 2017         /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE