UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>Plaintiff,<br><br>v.<br><br>A. MANASRAH, et al.,<br><br>Defendants. | Case No. 1:17-cv-00071-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION FOR COURT ORDER**<br><br>**(ECF NO. 42)**<br><br>**CLERK TO SEND COPY OF THIS ORDER TO LITIGATION COORDINATOR** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Dr. Yasser Mansour on an Eighth Amendment medical indifference claim and against California State Prison Corcoran on an Americans with Disabilities Act claim.

Before the Court is Plaintiff's February 20, 2018 motion requesting his current institution release him from the infirmary to receive his legal property and to access the law library. (ECF No. 42.) The Court construes the motion as seeking injunctive relief. Defendants filed no response and the time for doing so has passed.

The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction

over the claim; it may not attempt to determine the rights of persons not before the court."). No officials at Plaintiff's current institution are parties to this action. The Court cannot order them to provide the accommodations Plaintiff requests.

Additionally, it is generally appropriate to grant in a preliminary injunction solely "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945); see Johnson v. Couturier, 572 F.3d 1067, 1084 (9th Cir. 2009) (concluding that preliminary injunction at issue did not deal with a wholly unrelated matter). A court should not issue an injunction when the relief sought is not of the same character, and the injunction deals with a matter lying wholly outside the issues in the underlying action. De Beers, 325 U.S. at 220. Such is the case here, where Plaintiff's underlying claims do not pertain to access to his legal materials or the library.

For these reasons, Plaintiff's motion should be denied. Nonetheless, the Court is cognizant that Plaintiff's ability to access legal materials and the law library may impact his ability to timely and effectively litigate this action. Accordingly, the Court will, by way of this order, request the assistance of the Litigation Coordinator at Plaintiff's institution in ensuring that Plaintiff is afforded adequate opportunities to access the library and his materials, to the extent doing so is consistent with institutional order and security. See Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)). The Clerk's Office is directed to serve a copy of this order on the Litigation Coordinator at Pelican Bay State Prison.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for court order, which the Court construes as a motion for injunctive relief, be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document

should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 11, 2018        /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE