UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>    Plaintiff,<br><br>    v.<br><br>YASSER MANSOUR and CORCORAN STATE PRISON,<br><br>    Defendants. | Case No. 1:17-cv-00071-DAD-JDP<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>ECF No. 50<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PREVENT DEFENDANTS FROM CIRCUMVENTING DISCOVERY RULES<br><br>ECF No. 51<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>ECF No. 57 |

**I.    Plaintiff's motion to compel**

Plaintiff Roderick William Lear, a state prisoner, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff served defendant Yasser Mansour with interrogatories and requests for admissions, and defendant Mansour opposed, arguing that plaintiff's discovery requests were untimely. Plaintiff now moves to compel defendant Mansour to respond to plaintiff's discovery requests. ECF No. 50. Defendant Mansour, as the party opposing discovery, "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013).

The first question we face is whether plaintiff's discovery requests were timely. The discovery and scheduling order issued in this case provides, "Responses to written discovery

1

requests shall be due forty-five (45) days after the request is first served." ECF No. 40 at 1. The same order also provides, "[D]iscovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel." *Id*. at 2.

Defendant Mansour contends that plaintiff's discovery requests were untimely, noting that plaintiff served the discovery requests on August 15, 2018. ECF No. 52 at 1. Defendant is mistaken. Under the prison mailbox rule, a prisoner's submission is deemed filed on the date that the prisoner delivers the document to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988). The same rule applies to service of documents during discovery. *See Faile v. Upjohn Co*., 988 F.2d 985, 986, 988 (9th Cir.1993), *overruled on other grounds*, *McDowell v. Calderon*, 197 F.3d 1253 (9th Cir.1999); *Vallery v. Brown*, No. 08-cv-95, 2011 WL 4722342, at *5 n.4 (S.D. Cal. Oct. 7, 2011) ("The date [prisoner] submitted the requests to prison authorities constitutes the date Defendants were served."). Plaintiff served his discovery requests when he placed them in mail on August 13, 2018, as indicated by the postage and mailroom stamps. *See* ECF No. 50 at 6. The forty-five-day period ended on Thursday, September 27, 2018, three days before the end of discovery, which concluded on September 30, 2018, ECF No. 40 at 1. Plaintiff's discovery requests were thus timely.

Defendant Mansour also contends that plaintiff may not move to compel before defendant Mansour's deadline for responding to plaintiff's discovery requests, citing the discovery and scheduling order. ECF No. 52 at 2. Again, defendant Mansour is mistaken. The discovery and scheduling order contains no such requirement. Federal Rule of Civil Procedure 37(a) likewise does not impose such a requirement. Plaintiff served his discovery requests, and after defendant Mansour objected, plaintiff moved to compel before the close of discovery. Plaintiff's motion to compel is timely. Defendant Mansour raises no other objection. The court will grant plaintiff's motion to compel.

Defendant Mansour must respond to plaintiff's interrogatories and requests for admission. In his responses to those discovery requests, defendant Mansour may raise objections other than timeliness. Plaintiff asks Defendant Mansour to respond by September 20, 2018, ECF No. 50 at 2,

1  but this request is denied.  The order below will set the deadline for defendant Mansour's
2  responses to plaintiff's discovery requests.

**II. Plaintiff's motion to prevent defendants from circumventing discovery rules**

Plaintiff moves to prevent defendants from circumventing discovery rules.  ECF No. 51.  He contends that defendants improperly requested that he bring certain documents to his deposition.  *See id*. at 1.  Plaintiff is mistaken.  A litigant may be asked to bring documents to a deposition.  *See* Fed. R. Civ. P. 30(b)(2).  Plaintiff also argues that defendants' request for documents was untimely, but he does not state when he was served with requests for documents.  *See* ECF No. 51 at 1.  Plaintiff's motion is denied.

**III. Other matters**

Because the court will grant plaintiff's motion to compel, the court will extend the discovery deadline.  Likewise, the court will extend the deadline for dispositive motions.

While plaintiff's discovery motions are pending, defendants moved for summary judgment.  ECF No. 55.  Plaintiff moves for an extension of time to oppose to defendants' motion for summary judgment.  ECF No. 57.  Plaintiff's motion for extension of time is granted.  Because defendants did not have the benefit of this order before they moved for summary judgment, the court will allow defendants to withdraw their motion for summary judgment—even though they have no obligation to do so.  If defendants wish to do so, they must inform the court within two weeks of the service of this order; otherwise, the court will decide the motion once the parties finish their briefing.

Plaintiff has filed a motion for injunctive relief.  ECF No. 59.  Plaintiff asks for an order directing Corcoran State Prison to provide appropriate medical care, including spinal surgery.  *See id*. at 1.  The court has already explained to plaintiff the requirements he must satisfy to obtain injunctive relief, ECF No. 11 at 2-3, but plaintiff makes no effort to show that he has satisfied those requirements.  In addition, plaintiff proceeds in this case for defendants' failure to provide accommodations pertaining to his foot—a claim unrelated to the lack of medical care for his spine.  *See generally* ECF No. 30.  As the court has explained to plaintiff in a different case, *Lear v. Biter*,

No. 15-cv-1903, ECF No. 76 at 2 (E.D. Cal. Aug. 30, 2018), the court lacks the authority to issue an injunctive order when a plaintiff seeks injunctive relief for a claim not pled in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015); *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004). Defendants need not respond to plaintiff's motion for injunctive relief, absent a court order.

**IV. Order**

1. Plaintiff's motion to compel, ECF No. 50, is granted in part and denied in part.
    a. Defendant Yasser Mansour must respond to plaintiff's interrogatories and requests for admission by Monday, February 4, 2019.
    b. The discovery deadline is extended to Monday, February 18, 2019.
    c. The deadline for dispositive motions is extended to Monday, March 4, 2019.
2. Plaintiff's motion to prevent defendants from circumventing discovery rules, ECF No. 51, is denied.
3. Plaintiff's motion for extension of time, ECF No. 57, is granted.
    a. Absent defendants' withdrawal of their motion for summary judgment, plaintiff may supplement his opposition to defendants' motion for summary judgment by Monday, February 25, 2019.
    b. Defendants' reply brief in support of their motion for summary judgment, if any, must be filed within seven days from the date of service of plaintiff's supplemental opposition.

IT IS SO ORDERED.

Dated: _January 16, 2019_ _____
UNITED STATES MAGISTRATE JUDGE

4