UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>Plaintiff,<br><br>v.<br><br>CORCORAN STATE PRISON, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-00071-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED; PLAINTIFF'S MOTION FOR SANCTIONS BE DENIED; AND PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER BE DENIED<br><br>ECF Nos. 55, 62, 59, 70<br><br>FOURTEEN-DAY DEADLINE |

    Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's claims against defendant Mansour for medical deliberate indifference and against California State Prison, Corcoran ("CSPC") for damages under the Americans with Disabilities Act ("ADA"). This case is before the court on the parties' cross-motions for summary judgment, ECF Nos. 55, 62, and on plaintiff's motions for (1) a temporary restraining order, ECF Nos. 59, 70, and (2) sanctions, ECF No. 64.[1] For the

---

[1] This case has a long procedural history that I will not recite here. Relevant to the parties' cross-motions on summary judgment, I have considered all arguments, evidence, exhibits and documents submitted. *See* ECF Nos. 55, 58, 62, 63, 65, 66, 67, 76, 78, 79, 84.

1

reasons set forth below, I recommend that the court grant defendants' motion and deny plaintiff's motions.

# I. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Each party's position must be supported by (1) citing to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson*, 477 U.S. at 252). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *accord Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## II. STATEMENT OF UNDISPUTED FACTS

Plaintiff is an inmate at CSPC. Defendant Dr. Mansour saw plaintiff and provided him with medical care from November 2015 to May 2016. *See* ECF No. 55-4 at 2-4, 7.

Plaintiff had a laminectomy surgery on April 21, 2015, to address his diagnosis of right foot drop. Plaintiff reported a fall to his primary care physician on July 7, 2015, indicating that he fell while trying to climb bus steps. Plaintiff had follow-up medical visits on July 16, August 19, and October 27, 2015. Plaintiff had a follow-up MRI exam on July 13, 2015. During plaintiff's October 27, 2015 visit, plaintiff asked to exchange his walker for a cane, and his request was granted.

Plaintiff has had various accommodations at CSPC, including a bottom bunk, lower tier, lifting restrictions, a walker or cane, a back brace, and waist chain chronos. *See, e.g.*, ECF No. 79 at 2. Plaintiff sought additional accommodation in the form of transportation other than the bus to his medical appointments because he has had painful falls while attempting to climb the steps up to the bus. *See id.* Plaintiff submitted his grievance to CSPC and appealed it through the administrative process, and he was denied the transport accommodation at every level.

Defendant Mansour first saw plaintiff on November 20, 2015, for a first-level appeal interview regarding transportation other than a bus. Defendant Mansour reviewed plaintiff's

3

medical charts and noted that plaintiff's mobility was improving. Defendant Mansour noted that plaintiff had existing mobility accommodations. For these reasons, defendant Mansour felt additional accommodations were not needed at that time. ECF No. 55-4 at 2, 7.

Plaintiff has been transported by means other than the bus to some of his medical appointments, including by medical van, wheelchair, and golf cart. ECF No. 55-5 at 21. However, because plaintiff was in the Security Housing Unit ("SHU"), officers did not always have access to a medical van for transport. *See id.* Plaintiff was always able to get to his medical appointments.

### III. DISCUSSION

#### A. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Indifference may be manifest "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* When a prisoner alleges a delay in receiving medical treatment, the delay must have led to further harm for the prisoner to make a claim of deliberate indifference to serious medical needs. *See McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the

4

facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Additionally, a difference of opinion between an inmate and prison medical personnel—or between medical professionals—on appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

In defendants' motion, they demonstrate that plaintiff's claim for medical deliberate indifference fails on the second prong of the *Jett* test because there is no evidence that defendant Mansour failed to treat plaintiff's medical condition or caused any interference with plaintiff's medical care. *See Jett*, 439 F.3d at 1096. Plaintiff claims that his transport to medical care was inadequate because he would prefer to be transported in a vehicle that does not require passengers to navigate steps to board. Defendant Mansour thought it was not necessary for plaintiff to be transported in such manner. Plaintiff's disagreement over medical care does not to show deliberate indifference.[2] *See Toguchi*, 391 F.3d at 1058. Deliberate indifference is a high legal standard, requiring more than a showing of medical malpractice or gross negligence. *See id.* at 1057. The facts supported by the evidence on the parties' motions for summary judgment do not meet that high standard.

In response to defendants' motion for summary judgment, plaintiff argues that defendant Mansour knew that plaintiff fell and failed to provide appropriate transport. *See* ECF No. 58 at

---

[2] Even if plaintiff had shown that defendant Mansour failed to respond to his medical need, plaintiff has presented no evidence of injury from the lack of the transport he sought while under Mansour's care. Without injury stemming from defendant Mansour's alleged failure to treat, plaintiff has no claim for medical deliberate indifference. *See Jett*, 439 F.3d at 1096.

5

21-22. Plaintiff fell while trying to climb bus stairs between January 2015 and August 2015.[3] Defendant Mansour did not begin to see plaintiff until November 20, 2015.[4] Defendant Mansour assessed that plaintiff did not need wheelchair-accessible transport, and that assessment was not deliberately indifferent. Therefore, plaintiff's arguments fail to create a genuine issue of material fact for trial. Defendant Mansour is entitled to summary judgment on the issue of deliberate indifference.[5]

### B. Americans with Disabilities Act ("ADA")

Title II of the ADA prohibits a public entity, such as a state prison, from discriminating against an individual with a disability because of that disability. *See Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998); 42 U.S.C. § 12132 (1994). "Generally, public entities must 'make reasonable modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" *Pierce v. County of Orange*, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting

---

[3] Plaintiff claims that he fell while trying to climb bus steps on February 1, 2016, attaching a sick call slip as evidence. *See* ECF No. 62 at 27; ECF No. 66 at 13. However, the sick call slip does not mention the date of any recent fall, instead appearing to reference earlier falls. *See* ECF No. 66 at 13. The allegation of a February 1, 2016 fall is unsupported by the evidence and disputed by defendants. *See* ECF No. 67-1 at 8. Therefore, it will not be considered for the purposes of determining the outcome of the parties' cross-motions for summary judgment. *See* Fed. R. Civ. P. 56(c)(1). However, even if plaintiff had some admissible evidence to support his claim regarding the February 1, 2016 fall, that fact would not be enough to establish medical deliberate indifference.

[4] It appears that plaintiff's condition may have improved by that time because plaintiff transitioned from using a walker to using a cane. *See* ECF No. 25 at 5; ECF No. 58 at 4. There is evidence that correctional officers were aware of plaintiff's mobility issues and assisted him with climbing steps to board the bus. *See* ECF No. 25 at 5.

[5] Defendants argue that Mansour is entitled to qualified immunity. Because I find in favor of defendant Mansour on the issue of deliberate indifference, I need not reach the question of qualified immunity. *See Ioane v. Hodges*, 903 F.3d 929, 933 (9th Cir. 2018). Plaintiff also moves for summary judgment on the issue of medical deliberate indifference. Plaintiff's motion on this issue is mooted by my finding in favor of defendants. However, even if defendants had failed to meet their burden on summary judgment as to the issue of medical deliberate indifference, plaintiff would not be able to prevail. The factual circumstances that are supported by the evidence in this case do not rise to the level of medical deliberate indifference. Therefore, plaintiff has failed to show that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

28 C.F.R. § 35.130(b)(7)).

To state a claim under ADA Title II plaintiff must allege four elements: (1) plaintiff is an individual with a disability; (2) plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010).

A prisoner may state a claim for "the alleged deliberate refusal of prison officials to accommodate [his] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs." *United States v. Georgia*, 546 U.S. 151, 157 (2006). This claim requires proof of intentional discrimination under the deliberate indifference standard, which means "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

Defendants argue that plaintiff was never denied the benefit of medical care due to any disability, thus he cannot prevail on his ADA claim. The parties do not dispute that plaintiff had mobility issues and other medical conditions that entitled him to medically-necessary accommodations, including assignment to a lower bunk and use of a walker or cane. Thus, I infer that plaintiff is an individual with a disability. However, plaintiff was not excluded from medical care because of his disability and never missed a medical appointment due to his mobility issues. According to plaintiff's own deposition testimony, he was accommodated with other forms of transportation when they were available in the SHU. Plaintiff was not excluded from or denied participation in any type of prison service, program, or activity. Plaintiff's mobility needs were accommodated. Thus, defendants are entitled to summary judgment—and plaintiff is not entitled to summary judgment—on the ADA claim against defendant CSPC.

**C. Other Motions**

Plaintiff moves twice for a temporary restraining order. ECF Nos. 59, 70. A motion for injunction is an "extraordinary remedy" that may only be granted when plaintiff has demonstrated

a likelihood of success on the merits, among other factors. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As explained above, plaintiff has not demonstrated that he is likely to succeed on the merits, and thus I decline to recommend issuing the relief requested.

Plaintiff moves for sanctions because plaintiff asserts that defendants made a false claim in their motion for summary judgment. ECF No. 64. Rule 11 "provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). To the extent that plaintiff argues that defendants' motion for summary judgment is sanctionable, he has failed to provide any specific evidence, and, upon my review of the record, I find no basis for sanctions regarding defendants' motion. Plaintiff has also failed to comply with the requirement to give notice and a reasonable opportunity to respond before filing a motion for sanctions with the court. *See* R. 11(c), Fed. R. Civ. P. Therefore, plaintiff's motion for sanctions should be denied.

## IV. FINDINGS AND RECOMMENDATIONS

I recommend that the court:

1. grant defendants' motion for summary judgment, ECF No. 55;
2. deny plaintiff's motion for summary judgment, ECF No. 62;
3. deny plaintiff's motions for temporary restraining orders, ECF Nos. 59, 70;
4. deny plaintiff's motion for sanctions, ECF No. 64; and
2. dismiss this case with prejudice.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: August 31, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204